■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. IRVING ROBERTSON, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the County Court, Kings County, dated May 23, 1962, which denied, after a hearing, his application to vacate a judgment of said court, rendered March 11, 1957 after a jury trial, convicting him of robbery in the first degree and of grand larceny and assault, both in the second degree, and imposing sentence. Order affirmed. In December, 1956 defendant was indicted for the afore-mentioned crimes. He was tried on January 16 and 17, 1957 and found guilty. On March 11, 1957 he was sentenced to a term of 15 to 30 years. The judgment of conviction was affirmed by this court (15 A D 2d 582); and on February 5, 1962 leave to appeal was denied by a Judge of the Court of Appeals. Defendant's present application to vacate that judgment is based on the following facts and circumstances: One Grady Reaves was defendant's accomplice. On January 2, 1957 Reaves was sentenced to a term of 7½ to 15 years for crimes unrelated to those here involved. Defendant alleges that on January 10, 1957 (a week before Reavs testified at defendant's trial), the Assistant District Attorney assigned to defendant's trial, promised Reaves that if he (Reaves) would co-operate in defendant's trial, he (the prosecutor) would try to get a lighter sentence for Reaves. The court below found that no such promise was made. This court is unanimously of the opinion that there is no reason to overrule that finding. However, the minority of the court is of the opinion that defendant should be granted a further hearing on a basis not urged by him, namely: that

on January 10, 1957 Reaves conferred with said Assistant District Attorney concerning his (Reaves') testimony against defendant, even though such conference was had without any promise to Reaves as to his sentence. In view of defendant's clearly established guilt, we are of the opinion that it would be an improvident exercise of discretion to grant him a further hearing. Beldock, P. J., Kleinfeld, Christ and Hill, JJ., concur; Hopkins, J., dissents and votes to reverse the order and to remit the application to the court below for a further hearing and for a determination on the basis of the proof to be adduced, with the following memorandum: The defendant was indicted and tried for robbery in the first degree, grand larceny in the second degree, and assault in the second degree. At his trial three witnesses testified against him: the victim, a stenographer who transcribed defendant's alleged unsigned confession, and defendant's alleged accomplice, one Grady Reaves. The victim was unable to identify the defendant as a participant in the robbery. The jury returned a verdict of guilty and defendant was sentenced to a term of 15 to 30 years. Later, Reaves' sentence on his plea of guilty to an unrelated crime was reduced, in the interests of justice, following a hearing on his *coram nobis* application, which was based on his co-operation in the defendant's trial. Upon this appeal by defendant from the order, made after a hearing, denying his *coram nobis* application, he urges that Reaves committed perjury when he testified at his trial that in exchange for his testimony against the defendant the only consideration which he (Reaves) expected was that he would be released by the Parole Board at the conclusion of his minimum term. Apart from Reaves' affidavit in support of his own *coram nobis* application — an affidavit which he admitted was perjured — there was no evidence in the record of any promise of leniency to Reaves by the prosecutor, prior to Reaves' testimony against defendant. Hence, upon the ground urged by the defendant, the denial of his *coram nobis* application cannot be said to be erroneous. Nevertheless, I am of the opinion that the circumstances of this case demand a further hearing. At the defendant's trial, Reaves was questioned concerning communications between himself and the District Attorney. Reaves testified that, excluding the giving of his name and address, he furnished no other information to the District Attorney. However, at the hearing upon defendant's present application, defendant's prosecutor testified that he had conferred with Reaves in preparation for defendant's trial and that, in addition, while he had not promised Reaves that the court would give him any particular sentence, he had informed Reaves that he could hope that the court would treat him in a manner which one who co-operates with law enforcement agencies might anticipate. Thus, while at defendant's trial Reaves had testified in the presence of defendant's prosecutor that he (Reaves) had not made any statement to the prosecutor concerning the robbery for which defendant was being tried, the facts are that Reaves had conferred with the prosecutor in preparation for defendant's trial, and that Reaves had been given hope of favorable treatment (cf. *People* v. *Mangi*, 10 N Y 2d 86). Nevertheless, at defendant's trial, the prosecutor did not correct the false impression thus created, a failure particularly noteworthy because the cross-examination by defendant's counsel dealt almost exclusively with Reaves' credibility. Accordingly, because the latter conflict was not developed at the hearing upon defendant's application, a further hearing should be held to inquire into that conflict and into the nature of any communications which passed between Reaves and any member of the District Attorney's staff concerning the crimes of which the defendant was convicted (*People* v. *Mangi*, 10 N Y 2d 86, *supra*; cf. *People* v. *Savvides*, 1 N Y 2d 554).